**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGINALD WAYNE WHATLEY, | No. 15-55813 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-01796-DOC-MRW |
| v. | |
| CORRECTIONAL OFFICER NANEZ, his individual capacity; | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, SILVERMAN, and GRABER, Circuit Judges.

California state prisoner Reginald Wayne Whatley appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his safety.  We have jurisdiction under 28 U.S.C. § 1291.

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo a district court's summary judgment on the basis of failure to exhaust administrative remedies. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Whatley failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and failed to demonstrate that prison officials interfered with the grievance process. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1860 (2016) (proper administrative exhaustion under the PLRA is mandatory, but may not be required when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). Whatley's contention that he did not have to exhaust because he brought a civil suit seeking money damages is unpersuasive. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (administrative exhaustion is required under the PLRA regardless of "the forms of relief sought and offered through administrative avenues").

Whatley's motion for leave to exhaust administrative remedies, filed on June 6, 2016, is denied.

**AFFIRMED.**

15-55813